The Honorable Steve Jones State Representative Post Office Box 3040 West Memphis, Arkansas 72303-3040
Dear Representative Jones:
I am writing in response to your request for an opinion on the following two questions
 1. Can a sitting member of the County Election Commission run for a public office? For example, could they serve on the Democrat or Republican Central Committee?
 2. If allowed to run for office, would it matter if they are opposed or unopposed?
RESPONSE
In my opinion the answer to your first question is "no," a sitting member of the county election commission may not be a candidate for any office
to be filled at any election while serving as a member of the board. I should note, however, that the chairmen of the Democratic and Republican county committees are, by virtue of their positions, automatically members of the county board of election commissioners. In response to your second question, in my opinion the prohibition against a board member's candidacy does not depend upon whether he or she is opposed or unopposed.
Question 1 — Can a sitting member of the County Election Commission runfor a public office? For example, could they serve on the Democrat orRepublican Central Committee?
The relevant statute in my opinion is A.C.A. § 7-4-109. Subsection (a)(2) of that statute provides as follows:
 No member of a county board shall be a candidate for any office to be filled at any election while serving on the county board.
The answer to the first part of your first question is therefore "no."
In response to the second part of your first question, concerning whether a member of the county board of elections commissioners could "serve on the Democrat or Republican Central Committee,"[1] state law requires
the county chairmen of the respective political parties to be members of the county board of election commissioners, as follows:
 (a)(1) The county chairman of the county committee of the majority party and the county chairman of the county committee of the minority party shall be members of the county board of election commissioners together with one (1) additional or third member to be appointed by the State Board of Election Commissioners.
Chairmanship of the county committee of a political party automatically renders that individual a member of the county board of election commissioners. It is not unlawful for a member of the county board of election commissioners to serve on one of the county committees. Quite the contrary, state law mandates that the chairmen of such committees make up two of the three members of the county board of election commissioners. If a county party chairman also holds an elected office or is otherwise ineligible to serve as a member of the board of election commissioners, the county committee shall elect someone to serve in his or her stead. A.C.A. § 7-4-102(a)(2)(A).
Question 2 — If allowed to run for office, would it matter if they areopposed or unopposed?
Section 7-4-109 (a)(2), quoted earlier, makes no distinction between opposed and unopposed candidates. Again, that statute prohibits a member of a county board of election commissioners from being a candidate for any office to be filled at any election while serving on the county board.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] I assume that you are referring to the county committees of the respective political parties mentioned at A.C.A. § 7-3-104. See A.C.A. §7-3-104 (a)(1) ("[t]he members of the county committee of political parties from each election precinct, township, or city ward shall be elected by a majority vote of those votes cast for each membership position at the primary elections held by the political party"). The statute does not use the word "office" in referring to these positions. Similarly, these party membership positions, in my opinion, do not fall within the prohibition in Arkansas Constitution, art. 3, § 10.